**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| RICARDO AGUILAR JR, | ) | 3:11-cv-00643-ECR-VPC |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| INVESTAID CORPORATION; STEWART TITLE; CAL-WESTERN RECONVEYANCE CORPORATION; CITIMORTGAGE, INC.; LSI TITLE AGENCY; TICOR TITLE OF NEVADA; STANLEY S. SILVA; and DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, | ) | |
| Defendants. | ) | |

Plaintiff is a homeowner alleging to be the victim of a predatory lending scheme perpetuated by Defendants. Now pending are two motions to dismiss.

### I. Background

On February 5, 2007, Plaintiff purchased the real property located at 6231 Ingleston Dr., Sparks, NV, 89436 (the "Subject

Property"). (Grant, Bargain, Sale Deed[1], Ex. 1 (#3).) On February 21, 2007, Plaintiff obtained a loan from Investaid Corporation ("Investaid" or "Lender") for $212,800.00 secured by a Deed of Trust secured by the Subject Property. (Deed of Trust, Ex. 2 (#22).) The Deed of Trust provides that Mortgage Electronic Registration Systems, Inc. ("MERS") "is a separate corporation that is acting solely as nominee of Lender and Lender's successors and assigns." (Id.) The Deed of Trust additionally states that the Lender has the right to appoint a substitute Trustee. (Id.) The Deed of Trust also provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower." (Id.) Plaintiff attained an additional loan from Lender on February 21st, 2007 for $53,200. (Deed of Trust, Ex. B (#23).)

On July 16, 2010, Cal-Western Reconveyance Corporation ("Cal-Western") as the agent for the beneficiary recorded a Notice of Default and Election to Sell. (Notice of Default, Ex. 3 (#3).) On September 21, 2010, MERS substituted Cal-Western as the trustee under the Deed of Trust. (Substitution of Trustee, Ex. 5 (#3).) On October 18 and 26, 2010, MERS transferred the beneficial interest in the deed of trust to CitiMortgage, Inc. ("Citi"). (Assignment, Exs. 4 and 6. (#3).)

---

[1] Defendants request judicial notice of the sale deed, deed of trust, substitution of trustee, election to sell, and other such exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004). Therefore, we take judicial notice of these public records.

1    On October 30, 2010, Cal-Western recorded a Notice of
2 Rescission of Notice of Default and of Election to Sell Under Deed
3 of Trust.  (Notice of Rescission, Ex. 7 (#3).)  Also on October 30,
4 2010, Cal-Western recorded a second Notice of Default and Election
5 to Sell.  (Notice of Default, Ex. 8 (#3).)  On November 11, 2010,
6 Cal-Western recorded a third Notice of Default and Election to Sell.
7 (Notice of Default, Ex. 9 (#3).)
8    The Nevada Foreclosure Mediation Program issued a Certificate
9 permitting foreclosure to proceed on November 12, 2010.
10 (Certificate, Ex. 11 (#3).)  On June 27, 2011, Cal-Western recorded
11 a Notice of Trustee's Sale, noticing a July 26, 2011 sale date.
12 (Notice of Trustee's Sale, Ex. 12 (#3).)  The sale was postponed.
13    On July 15, 2011, Plaintiff filed this action in state court.
14 (Compl. (#1-2).)  Plaintiff also recorded a Notice of Lis Pendens
15 regarding the Subject Property.  (Notice of Pendency, Ex. 13 (#3).)
16 On August 7, 2011, Defendants removed the action to this Court.
17 (Petition for Removal (#1).)
18    Now pending are a Motion to Dismiss (#2) filed by Defendants
19 Stanley S. Silva and Ticor Title of Nevada, Inc. on August 7, 2011,
20 joined by Defendant Cal-Western (#10) on August 21, 2011, and a
21 Motion to Dismiss (#22) filed by Defendant Citi on August 30, 2011.
22 This court dismissed with prejudice (#33) all of Plaintiff's claims
23 against former Defendant LSI Title Agency on May 16, 2012, as
24 stipulated (#32) by and between Plaintiff and LSI Title Agency on
25 April 6, 2012.
26 ///
27 ///
28

3

## III. Motions to Dismiss (##2, 22)

**A. Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (clarifying that Twombly applies to pleadings in "all civil actions"). On a motion to dismiss, except where a heightened pleading standard applies, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) (noting that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks omitted). Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Accordingly, "[c]onclusory allegations and unwarranted inferences are

4

insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(d); see United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." Ritchie, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them." Lee, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." Ritchie, 342 F.3d at 908. Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss. Id. at 909; see Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

5

territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

**B. Discussion**

<u>1. Violation of the Federal Fair Debt Collection Practice Act, N.R.S. § 649.370</u>

Plaintiff's first cause of action alleges that Defendants violated Nevada Revised Statute § 649.370, which provides that any violation of the Federal Fair Debt Collection Practice Act ("FDCPA") is a violation of Nevada law. Plaintiff's claim fails as a matter of law because foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. <u>Camacho-Villa v. Great W. Home Loans</u>, No. 3:10-cv-00210, 2011 WL 1103681 at *4 (D. Nev. Mar. 23, 2011). Therefore, Plaintiff's first claim must be dismissed without leave to amend.

<u>2. Violation of the Unfair and Deceptive Trade Practice Act, N.R.S. § 598.0923</u>

Plaintiff's second cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages and security interests in real or

6

personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g), (h). Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiff's second cause of action without leave to amend.

### 3. Violation of Unfair Lending Practices, N.R.S. § 598D.100

Plaintiff's third cause of action for unfair lending practices in violation of Nev. Rev. Stat. § 598D is time-barred. The statute of limitations for "[a]n action upon a statute for a penalty or forfeiture" is two years. NEV. REV. STAT. § 11.190(4)(b). Plaintiff obtained his loan in February 2007, and filed this lawsuit in July 2011. Plaintiff has wholly failed to provide any allegations supporting the tolling of the statute of limitations.

In addition to untimeliness, Plaintiff's loans are residential mortgage transactions that do not qualify as home loans under Nev. Rev. Stat. § 598D.100(1)(b). See Weinstein v. Mortg. Capital Assocs, Inc., 2:10-cv-01551-PMP-PAL, 2011 WL 90085, at *4 (D. Nev. Jan. 11, 2011). This remains true in light of the 2007 amendment to N.R.S. § 598D.100. In Weinstein, the court found that the definition of home loan is the same under the 2003 or 2007 version of N.R.S. § 598D, and under both versions, a residential mortgage transaction does not qualify. Weinstein, 2011 WL 90085, at *4.

### 4. Contractual Breach of the Duty of Good Faith and Fair Dealing

Plaintiff's fourth claim also fails. Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and

7

fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. Fitzgerald, 2011 WL 2633502 at *6 (citing Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

  Plaintiff claims that Defendants breached the implied covenant by failing to disclose material facts and failing to properly qualify Plaintiffs for the mortgage loan but does not explain what material terms were undisclosed. (Compl. ¶¶ 90-98 (#1-2).) Plaintiff's further claims for breach, including claims of Defendants' failure to provide loan modifications or postpone foreclosure and their act of "leading the Plaintiff to believe that the foreclosure[] on his home was suspended while they proceeded to foreclose," (Id. ¶ 95.), are unsubstantiated and have no basis in any contractual provisions. Plaintiff has failed to allege a single fact that would establish that the manner in which Defendants complied with the contracts at issue contravened the intention or spirit of the contracts. Plaintiff's claim for breach of the

8

implied covenant of good faith and fair dealing will therefore be dismissed.

### 5. Wrongful Foreclosure

Plaintiff's fifth cause of action appears to allege that Defendants foreclosed without authority to do so under Nev. Rev. Stat. § 107.080, which we construe to be a claim for wrongful foreclosure based on violation of state recording and foreclosure statutes. Specifically, Plaintiff alleges that Defendants had no right to foreclose because they have not produced the original note to prove the identity of the real party in interest and that the original parties have never declared a default.

In general:

> [W]rongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cervantes, 656 F.3d at 1044 (plaintiffs cannot state a claim for wrongful foreclosure while in default). "Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans." Cervantes, 656 F.3d at 1044. Because Plaintiff does not challenge that he is in default, Plaintiff has not satisfied the requirements for bringing a general claim for wrongful foreclosure.

Nevada Revised Statutes § 107.080 provides that the power of sale in real property may not be exercised until:

9

> The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation.

Nev. Rev. Stat. § 107.080 2(c). An Assignment of Deed of Trust was recorded on October 26, 2010 from MERS to Citi. (Assignment, Ex. 6 (#3).) The third "Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust" was signed by Cal-Western as agent for Citi, the beneficiary at the time of the third Notice of Default. (Third Notice of Default, Ex. 10 (#3).)

In <u>Karl v. Quality Loan Service Corp.</u>, this district noted that Quality was neither the trustee nor the beneficiary when it recorded the notice of default, but claimed on the notice of default to be the agent for the beneficiary. 759 F.Supp.2d 1240, 1246 (D. Nev. 2010). The court in <u>Karl</u> stated that "[a]lthough MERS is not a beneficiary, its agency for the beneficiary under the [deed of trust] extends to administering the [deed of trust] for purposes of foreclosure." <u>Id.</u> The court further stated that:

> [T]here is no defect in foreclosure here under section 107.080(2)(c), as there is in cases where a purported trustee who is named nowhere on the [deed of trust], and for whom evidence of substitution as trustee appears nowhere, files a [notice of default]. . . . There is no question of fact that [Quality] filed the [notice of default] as the agent of MERS, who was the agent of the beneficiary UAMC, and the foreclosure was therefore not improper under section 107.080(2)(c).

<u>Id.</u> No party on whose behalf agency was claimed has come forth disputing that fact.

In <u>Cervantes v. Countrywide Home Loans, Inc.</u>, the Ninth Circuit considered wrongful foreclosure claims based on alleged procedural

10

defects. 656 F.3d 1034, 1044 (9th Cir. 2011).[2] The Ninth Circuit held that "[e]ven if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." Id. Plaintiff's arguments that Nevada's foreclosure statutes were violated by the facts that the note was never presented, the note was split from the deed, and other similar arguments have been repeatedly rejected in this Court, and shall be dismissed without leave to amend.[3]

### 6. Action to Quiet Title

Plaintiff's sixth cause of action is for quiet title. In Nevada, a quiet title action may be brought "by any person against another whom claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-

---

[2] The Ninth Circuit case reviewed a case brought under Arizona law. The conclusions of the Ninth Circuit, however, are equally applicable under Nevada law.

[3] To the extent that Plaintiffs' claim is not a wrongful foreclosure claim, Plaintiff has failed to state a claim upon which relief may be granted. "NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages." Berilo v. HSBC Mortg. Corp., USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *3 (D. Nev. June 29, 2010).

11

00084, 2011 WL 4574388 at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143 at *2 (Cal. App. 2d June 1, 2011). Plaintiff has failed to allege that he is not in breach of the loan agreement. While Plaintiff does not expressly admit to being in default on the loan, the complaint, read as a whole, and taking all allegations in favor of Plaintiff, does not show even the barest hint of a dispute over whether Plaintiff was in default. Rather, Plaintiff is challenging the procedure with which foreclosure was initiated against him, not that the loan was not in default. Accordingly, the quiet title claim must be dismissed without leave to amend.

### 7. Fraud in the Inducement and Through Omission

Plaintiff claims that Defendants committed fraud by failing to disclose to Plaintiff the predatory lending practices and bonuses and inflated salaries paid pursuant thereto. Plaintiff argues that as a result, he entered into the mortgage contract, and therefore appears to be arguing fraud through omission and in the inducement. In order to state a claim for fraud in the inducement, a plaintiff must show that the defendant knowingly made a false representation with the intent to induce the plaintiff to consent to the contract's formation. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004).

Defendants were under no obligation to disclose the risks of the loan and whether Plaintiff could afford it:

> Although the Nevada Supreme Court has not ruled on the issue, this Court and the Ninth Circuit Court of Appeals have predicted that the Nevada Supreme Court would hold that a lender does not owe a fiduciary duty, as "an arms-

12

   length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances."

Megino v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev. Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865 (9th Cir. 2007)); see also Renteria v. United States, 452 F.Supp.2d 910, 922-23 (D. Ariz. 2006) (holding that borrowers cannot establish the reliance element of their claim because lenders have no duty to determine the borrower's ability to repay the loan); Oaks Mgmt. Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570 ("[A]bsent special circumstances . . . a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and the lender.") (citations omitted).

  Furthermore, a party alleging fraud "must state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Because a claim for fraud in the inducement cannot depend upon Plaintiff's allegations, Plaintiff's claim for fraud in the inducement must be dismissed. Nor has Plaintiff shown that there are any facts upon which a proper fraud claim may be brought against Defendants, and therefore, Plaintiff shall not be granted leave to amend this claim.

  Under Nevada law, a claim for fraudulent concealment must plead that defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff. Nev. Power Co. v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing

1  Nevada Jury Instruction 9.03).  Like many of Plaintiff's claims,
2  this claim fails on its face because it is well-settled that lenders
3  and servicers owe no fiduciary duties to mortgage borrowers.
4  <u>Megino</u>, 2011 WL 53086 at *5  (quoting <u>Yerington Ford</u>, 359 F.Supp.2d
5  at 1090, <u>overruled on other grounds by</u> <u>Giles</u>, 494 F.3d 865; <u>see</u> <u>also</u>
6  <u>Kwok v. Recontrust Co.</u>, No. 2:09-cv-02298, 2010 WL 255615, at *5 (D.
7  Nev. June 23, 2010); <u>Saniel v. Recontrust Co.</u>, No. 2:09-cv-2290,
8  2010 WL 2555625, at *5 (D. Nev. June 23, 2010); <u>Renteria</u>, 452
9  F.Supp.2d at 922-23 (holding that borrowers cannot establish the
10 reliance element of their claim because lenders have no duty to
11 determine the borrower's ability to repay the loan); <u>Oaks Mgmt.</u>
12 <u>Corp</u>, 51 Cal. Rptr. 3d at 570.
13      Plaintiff's allegations in support of this claim are vague and
14 conclusory, asserting only that Defendants failed to disclose
15 certain facts about the inner workings of the mortgage industry,
16 that Plaintiff was not qualified for the loans, and that Defendants
17 had no right to foreclose on Plaintiff's property. Moreover,
18 Plaintiff cannot show that Defendants owed him a duty to disclose
19 these alleged facts.  For this reason, Plaintiff's claim for fraud
20 through omission must be dismissed without leave to amend.
21           8. Slander of Title
22      Plaintiff's eighth cause of action is slander of title.
23 Plaintiff asserts that Defendants "disparaged the title to the
24 Plaintiff's properties pursuant to recording Notices of Default that
25 were defective" because Defendants did not have the authority to
26 record those notices, and did not serve those notices upon
27 Plaintiff.  (Compl. ¶ 157 (#1-2).)
28
                                    14

To succeed on a slander of title claim, a plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damages." Exec. Mgmt., Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998). However, Plaintiff has failed to state a claim because it is undisputed that Plaintiff is in default. See Sexton v. IndyMac Bank FSB, No. 3:11-cv-437, 2011 WL 4809640, at *5 (D. Nev. Oct. 7, 2011); Ramos v. Mortg. Elec. Registrations Sys., Inc., No. 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009) (dismissing slander of title claim where Plaintiffs failed to dispute that they were in default on their loan, nor was it false that the property was to be sold at a trustee's sale). In filing the Notice of Default, Defendants stated that Plaintiff was in breach of the loan agreement due to nonpayment. Plaintiff does not dispute that he is in fact in default. Because the statement is not false, Defendants cannot be liable for slander of title. Leave to amend to include a slander of title claim will therefore be denied as futile.

### 9. Abuse of Process

Plaintiff's claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of "process" addressed by the abuse of process tort as it does not involve judicial action. Riley v. Greenpoint Mortg. Funding, Inc., No. 2:10-cv-01873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4 (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is a non-judicial foreclosure which is not the characteristic legal action contemplated by an abuse of process claim . . .

15

Therefore, the court finds that [Plaintiff] has failed to state a claim for abuse of process.") (citation omitted).  Accordingly, Plaintiff's claim for abuse of process shall be dismissed without leave to amend.

### 10. Declaratory Relief

Plaintiff's request for declaratory relief must be premised upon a separate cause of action.  Because the Court finds that Plaintiff has no viable claim based on the foreclosure of the property, the request for declaratory relief must fail.

### 11. Reformation

As discussed above, the request for reformation must also fail because Plaintiff has not stated any claims upon which relief may be granted.

## IV. Order to Expunge Lis Pendens (Notice of Pendency, Ex. C (#1))

Nevada statutory law allows a Notice of Pendency or a Lis Pendens to be filed for an action pending in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.  NEV. REV. STAT. § 14.010(2).  As this Order dismisses this action, this Court orders Plaintiff's Lis Pendens expunged sua sponte.  See McKinnon v. IndyMac Bank F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge lis pendens after dismissing all claims).

## V. Conclusion

**IT IS THEREFORE, HEREBY ORDERED** that the Motions to Dismiss (##2, 22) are **GRANTED**.  Plaintiff's claims are deficient against all

16

Defendants and must be dismissed against all remaining Defendants. Because the Court has found that amendment would be futile, leave to amend shall not be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Lis Pendens is expunged.

The Clerk shall enter judgment accordingly.

DATED: July 3, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

17